# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-493
Filed: October 3, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| ALFRED ZACCHIA, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | |
| v. * | Petitioner's Motion for Dismissal |
| * | Decision; Insufficient Proof of |
| SECRETARY OF HEALTH * | Causation; Vaccine Act Entitlement; |
| AND HUMAN SERVICES, * | Tetanus Vaccine; Acquired Factor |
| * | VII Deficiency. |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Thomas P. Gallagher, Thomas P. Gallagher, LLC, Somers Point, NJ, for Petitioner.
Lindsay Corliss, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 9, 2014, Alfred Zacchia ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that he suffered from Acquired Factor VIII Deficiency, and that this injury had been caused by Tetanus vaccine he received on August 2, 2011. Petition ("Pet") at 1-2. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On October 1, 2014, Petitioner filed a Motion for a Dismissal Decision. In his Motion, Petitioner indicates that after a thorough review of the records, "he will be unable to prove that he is entitled to compensation in the Vaccine Program." Motion, ECF No.14. Petitioner further states that he has been advised by his counsel that a decision dismissing his petition will result in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

a judgment against him and will end all of his rights in the Vaccine Program.  Motion, ECF No. 14.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that he suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master